# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOTTIAN DWIGHT WINSTON, | Civil No. 3:25-cv-965 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN OF DAUPHIN COUNTY PRISON, et al., | |
| Respondents | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Tottian Dwight Winston ("Winston"), a pretrial detainee at the Dauphin County Prison, in Harrisburg, Pennsylvania. The Court has conducted preliminary review and, for the reasons set forth below, has concluded that dismissal of the petition is warranted. See R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

## I. Background

In his habeas petition, Winston challenges various pending criminal matters in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1 at 5-6) (citing

---

[1] See R. GOVERNING § 2254 CASES R. 4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R. 1(b).

*Commonwealth v. Winston*, CP-22-CR-0002482-2024, CP-22-CR-0000615-2023, CP-22-CR-0003697-2022, CP-22-CR-0001036-2024 (Pa. Ct. Com. Pl. Dauphin Cnty.)).

In case number CP-22-CR-0002482-2024, Winston was charged with robbery-inflicting the threat of immediate bodily injury, and conspiracy. *Commonwealth v. Winston*, CP-22-CR-0002482-2024. A plea hearing was held on May 27, 2025, and was ultimately continued. *Id.*

In case number CP-22-CR-0000615-2023, Winston was charged with possession of a firearm-prohibited, conspiracy, and related firearms charges. *Commonwealth v. Winston*, CP-22-CR-0000615-2023. A plea hearing was held on May 27, 2025, but was continued. *Id.*

In case number CP-22-CR-0003697-2022, Winston was charged with abuse of a corpse. *Commonwealth v. Winston*, CP-22-CR-0003697-2022. His most recent plea hearing on May 27, 2025 was continued. *Id.*

In case number CP-22-CR-0001036-2024, Winston was charged with knowingly manufacturing and distributing drugs, and use/possession of drug paraphernalia. *Commonwealth v. Winston*, CP-22-CR-0001036-2024. His plea hearing on May 27, 2025 was continued. *Id.*

Winston asserts that he has been incarcerated at the Dauphin County Prison for approximately 13 months (since April 17, 2024). (Doc. 4 at 1). In his state court cases,

2

Winston filed motions to dismiss the cases with prejudice pursuant to Rule 600(A), as well as motions to reduce bail. (*Id.* at 2-6). The motions remain pending.

In his § 2241 habeas petition, Winston requests that "these four dockets [] be closely scrutinized and dismissed if found proper." (Doc. 1 at 6).

## II. Discussion

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit in *Moore* held that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial'

3

habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

While this Court has jurisdiction under § 2241 to entertain Winston's pretrial habeas corpus petition, he is not entitled to habeas relief at this time.

In his § 2241 petition, Winston seeks to challenge his pending criminal proceedings by raising claims regarding excessive bail, speedy trial, and the validity of his arrest. (Doc. 1 at 3, 5-6; Doc. 4 at 1). Winston does not assert that he exhausted any claims in state court. (Doc. 1 at 2). In fact, he admits that "[t]his petition is [his] first step in raising [his] claims." (*Id.*). It is clear that Winston failed to exhaust his claims in state court. Indeed, Winston has yet to be tried on his various offense charges and he has not properly presented or exhausted his available state court remedies with respect to his constitutional claims of excessive bail, speedy trial violation, and other challenges to arrest on these charges. And Winston is currently awaiting Rule 600 hearings in his state court cases. *See Commonwealth v. Winston*, CP-22-CR-0002482-2024, CP-22-CR-0000615-2023, CP-22-CR-0003697-2022, CP-22-CR-0001036-2024 (Pa. Ct. Com. Pl. Dauphin Cnty.). As such, Winston did not exhaust his state court remedies prior to the application for federal habeas corpus relief. Additionally, there is nothing extraordinary about Winston's claims. While Winston may be displeased with the pace of his state-court proceedings, his displeasure

4

does not rise to the level of an extraordinary circumstance requiring adjudication of a pretrial habeas petition. Winston still has the opportunity to raise his speedy trial and other claims during his state trial and any subsequent appellate proceedings in state court. He has thus failed to make a showing of any "special" or "extraordinary circumstances" sufficient to excuse his failure to exhaust. *Moore*, 515 F.2d at 442-46. Accordingly, pretrial habeas corpus relief is inappropriate.

## III.  Conclusion

For the reasons set forth above, the Court will dismiss the § 2241 petition for writ of habeas corpus. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June 2, 2025